IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

**AUTOMATA HOLDINGS, LLC**                                                                                                         **PLAINTIFF**

V.                                            **CASE NO. 2:24-CV-2111**

**ROBERT HURLEY ENTERPRISES, INC.**                                                                            **DEFENDANT**

## OPINION AND ORDER

Currently before the Court are Defendant Robert Hurley Enterprises, Inc.'s ("RHE") Motion to Set Aside Clerk's Entry of Default (Doc. 12) and Brief in Support (Doc. 13), Plaintiff Automata Holdings, LLC's ("Automata") Response in Opposition (Doc. 20), and RHE's Reply (Doc. 23). For the reasons stated herein, RHE's Motion is **GRANTED**.

This case involves a contract for the sale of real property in Johnson County, Arkansas. On September 4, 2024, Plaintiff Automata filed a Verified Complaint (Doc. 2) accusing Defendant RHE of breach of contract and requesting permanent injunctive relief. Then, on October 28, Automata filed an affidavit confirming that RHE had been properly served on September 14. *See* Doc. 7. RHE's answer or other responsive pleading was due on October 5, but nothing was ever filed. When the Clerk of Court filed a Notice of Default Procedures Under Federal Rule of Civil Procedure 55(a) (Doc. 8) on November 7, Automata's counsel responded by sending the Clerk a letter (Doc. 9) on November 27 to advise that the parties were "attempting to work out an amicable resolution" and therefore "request[ed] that the Clerk and Court refrain from requiring a motion for default judgment" at that time. *Id.* Instead, Automata would "let[ ] the Clerk and Court know if the attempts to resolve the matter break down." *Id.*

1

Nothing happened in the case until January 21, 2025, when Automata's counsel filed an affidavit in support of a Clerk's default. *See* Doc. 10. The Clerk promptly entered a default the following day, January 22. *See* Doc. 11. Four weeks later, on February 19, RHE filed the instant Motion to Set Aside Clerk's Entry of Default (Doc. 12).

In evaluating RHE's Motion, the Court bears in mind that "[t]here is a 'judicial preference for adjudication on the merits,' and it is likely that a party who promptly attacks an entry of default, rather than waiting for grant of a default judgment, was guilty of an oversight and wishes to defend the case on the merits." *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 784 (8th Cir. 1998) (quoting *Oberstar v. F.D.I.C.*, 987 F.2d 494, 504 (8th Cir.1993)). Further, the Court should consider "whether the conduct of the defaulting party was blameworthy or culpable, whether the defaulting party has a meritorious defense, and whether the other party would be prejudiced if the default were excused." *Id*. For the reasons stated below, all three factors weigh in favor setting aside the Clerk's default.

Even though Automata served the Complaint on RHE's registered agent on September 14, 2024, RHE claims the agent never forwarded the Complaint to RHE's attorney. As a result, RHE was unaware of the lawsuit until October 28, when Automata's attorney emailed RHE's attorney directly. At that point, the parties attempted to resolve their dispute in good faith—which Automata's letter to the Clerk of Court proves. However, settlement negotiations broke down in January 2025, which prompted Automata to request the entry of a Clerk's default on January 21. According to RHE, it stands ready to assert meritorious defenses to the Complaint. Further, it argues that its delay in answering was accidental and should be excused and that Automata has failed to establish that it

2

will suffer concrete prejudice if the Clerk's default is set aside. Automata responds that RHE has been aware of the lawsuit for at least four months and never made an effort to file an answer or formally request an extension of time to respond—which RHE was obligated to do, regardless of the parties' attempts to settle out of court. Finally, with respect to prejudice, Automata claims RHE has breached the parties' contract and has no good-faith defenses, so allowing litigation to proceed will only result in further delay and damage to Automata.

The Court notes that the Eighth Circuit has "consistently sought to distinguish between contumacious or intentional delay or disregard for deadlines and procedural rules, and a 'marginal failure' to meet pleading or other deadlines" and has set aside the entry of default "when there were meritorious defenses and an absence of prejudice." *Johnson*, 140 F.3d at 784. There is no indication that RHE acted in bad faith in failing to file a timely answer. Rather, the failure was most likely due to its service agent's negligence. And although the better practice would have been for RHE to file a formal, agreed motion for extension of time to answer once it realized it had been sued, RHE's failure to file cannot be characterized as "contumacious" under the circumstances. The parties were attempting to save costs by negotiating a settlement, and RHE simply failed to file its answer as soon as it knew settlement talks were at an end. On balance, RHE's failures here are not so severe that Automata should win by default.

Next, it appears that RHE is prepared to offer meritorious defenses to this case. Though Automata counters that the defenses lack merit, the Court is mindful of the fact that an adjudication on the merits is always preferred to a default.

Lastly, the Court is unpersuaded that Automata will suffer concrete prejudice if the Clerk's default is vacated. "[D]elay alone, or the fact the defaulting party would be permitted to defend on the merits, are insufficient grounds to establish the requisite prejudice to the plaintiff." *Stephenson v. El-Batrawi*, 524 F.3d 907, 912 (8th Cir. 2008) (quoting *Johnson*, 140 F.3d at 785).

For these reasons, **IT IS ORDERED** that RHE's Motion to Set Aside Clerk's Entry of Default (Doc. 12) is **GRANTED**, and the Clerk's default (Doc. 11) is **SET ASIDE**.

**IT IS FURTHER ORDERED** that RHE must file an answer or other responsive pleading by no later than **Wednesday, April 9, 2025**. The Court will then enter an initial scheduling order.

**IT IS SO ORDERED** on this 2nd day of April, 2025.

_____
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE

4